**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **HEMANT PATEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:15-cv-01081-NJR** |
| | ) | |
| **COLLIN CLINTON,** | ) | |
| **JASON,** | ) | |
| **COREY,** | ) | |
| **LEVI,** | ) | |
| **PRESSWOOD, and** | ) | |
| **JEREMY PIERMAN,** | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Hemant Patel is currently incarcerated at Chester Mental Health Center ("Health Center") in Chester, Illinois. (Doc. 1.) Proceeding *pro se*, Patel has filed a complaint pursuant to 42 U.S.C. § 1983 against several Health Center security therapy aides ("STAs"), alleging that they subjected him to multiple instances of physical violence and verbal harassment. (Doc. 1 at 5-6.) Patel seeks monetary and specific relief. (*Id.* at 7.)

This matter is now before the Court for a preliminary review of Patel's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Background

According to his complaint, Patel has been subjected to several instances of physical abuse and verbal harassment while incarcerated at the Health Center. Patel first alleges that Collin Clinton and Jeremy Pierman, both Health Center STAs, as well as "other STAs," attacked him while he was using a restroom located in the Health Center cafeteria. (Doc. 1 at 5.) The complaint alleges that Clinton, Pierman, and the unnamed "other STAs" restrained Patel, violently pushed him, grabbed and pulled his beard, and suffocated him. (*Id.*) According to Patel, the STAs only ceased attacking him when he affirmatively responded to their inquiries as to whether he was "done." (*Id.*) He then alleges that they attacked him again as he exited the cafeteria.

Patel next relays a series of separate allegations against various other Health Center personnel. The first of these allegations is that Corey, another STA, deprived him of his constitutional rights by refusing to give Patel his lawyer's number and "say[ing] things [Patel] cant [*sic.*] even mention." (*Id.*) Patel further alleges that Corey has constantly verbally harassed him during his period of incarceration at the Health Center and has battered him on many occasions. (*Id.)*

Next, Patel alleges that another STA, Jason, battered him, verbally harassed him, and wrote false reports against him on multiple occasions in an attempt to turn the other inmates against Patel. (*Id.* at 6.) Specifically, Patel states that on August 19, 2015, Jason falsely reported that Patel had urinated on the bathroom floor. (*Id.*) The complaint goes on to state that Jason has directed racist and hateful language at Patel and has, on presumably multiple occasions, strapped him down and attempted to dislocate his knee cap. (*Id.*)

Patel's last two allegations concern two additional STAs—Presswood and Levi. Patel alleges that Presswood constantly harasses him with racially discriminatory and threatening language. (*Id.*) He states that Levi subjects him to racially derogatory insults. (*Id.*)

## Discussion

To facilitate the management of future proceedings, and in accordance with the objectives of Federal Rules of Civil Procedure 8 and 10, the Court finds it appropriate to break the claims in Patel's *pro se* complaint into numbered counts, as shown below. The parties and the Court will use these designations in all pleadings and orders, unless otherwise directed by the Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Clinton, Pierman, and other STAs physically assaulted Patel in the restroom in violation of his Eighth Amendment rights.

**COUNT 2:** Corey violated Patel's constitutional rights by withholding his lawyer's number from him and verbally harassing and battering him on multiple occasions.

**COUNT 3:** Jason battered, verbally harassed, and wrote false reports against Patel in violation of his constitutional rights.

**COUNT 4:** Presswood verbally harassed and threatened Patel in violation of his constitutional rights.

**COUNT 5:** Levi verbally harassed Patel in violation of his constitutional rights.

**Count 1** survives preliminary review. The intentional use of excessive force by correctional employees against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is therefore actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'"

*Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Here, Patel alleges that Defendants Clinton and Pierman physically assaulted him in a Health Center restroom. His complaint suggests that his assault was carried out without penological justification when the two STAs allegedly restrained Patel, violently pushed him, grabbed and pulled his beard, and suffocated him. Thus, Patel may proceed on his excessive force claim against Clinton and Pierman (**Count 1**) at this time.

However, Patel may *not* proceed as to **Count 1** against the unnamed "other STAs." Because these parties are not listed in the caption, they will not be treated as defendants in this case, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

As to the rest of the counts (**Count 2** through **Count 5**), Patel's complaint violates the rules of joinder. Federal Rule of Civil Procedure 20 permits multiple defendants to be joined in a single action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2)(A)–(B). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Federal Rule of Civil Procedure 21 authorizes severance when multiple claims are "discrete and separate." *Rice v. Sunrise Express*, 209 F.3d 1008, 1016 (7th Cir. 2000); *see also*

*George,* 507 F.3d at 607. This occurs when one or more claims are capable of resolution despite the outcome of the other claims. *Id.*; *see also Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006). In *George,* the Seventh Circuit opined that unrelated claims against separate defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *Id.* at 607.

Here, Patel joins several discrete and separate claims against Corey, Jason, Presswood, and Levi in one action; he makes no claims as to how **Count 1** and his claims against the aforementioned individuals arose out of the same transaction or occurrence. Simply put, **Count 2**, **Count 3**, **Count 4**, and **Count 5** allege "different charges against different prison officials," *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013), and so violate Rule 20.

Patel may, however, cure his joinder problem. If he wishes to proceed with some or all of the misjoined claims, he can draft "separate complaints, each confined to one group of injuries and defendants." *Id.* at 846. Patel will incur filing fees for each separate action, although he may seek to proceed *in forma pauperis* under 28 U.S.C. § 1915.[1] Every complaint submitted will then be screened, and Patel must ensure that any new complaint does not run afoul of § 1915A, lest he incur one or more "strikes." Because preliminary screening has not yet occurred as to **Count 2** through **Count 5**, the Court takes no position as to the merits of these counts—they are considered dismissed without prejudice from this action.

[1] Patel should be aware that the statute of limitations in Illinois for § 1983 actions is two years. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). To the extent any of his claims concern events that occurred outside of this time period, he should consider whether he wishes to drop those claims by not pursuing them in subsequent complaints. If Patel drops some of his older claims because he does not want to incur the filing fee to bring those claims in separate cases, he may not be able to raise those claims again in a subsequent case given the statute of limitations for § 1983 suits.

One last note is in order concerning Patel's motion for recruitment of counsel. (Doc. 3.) While there is no constitutional or statutory right to appointment of counsel in federal civil cases, district courts do have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request for counsel, the Court must first consider whether the "indigent plaintiff made a reasonable attempt to obtain counsel" or was "effectively precluded from doing so," and if so, whether the plaintiff is "competent to litigate the case" himself in light of the case's difficulty. *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007). Here, Patel has not made any showing that he has attempted to obtain counsel on his own or was precluded from doing so, so his motion for attorney representation must be denied without prejudice to refiling it at a later time.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNT 1** (excessive force claim) against Defendants **CLINTON** and **PIERMAN**. The "other STAs" referred to in **COUNT 1** are **DISMISSED**.

**COUNTS 2**, **3**, **4**, and **5** are **DISMISSED** without prejudice as misjoined. Accordingly, Defendants **JASON**, **COREY**, **LEVI**, and **PRESSWOOD** are **DISMISSED without prejudice**.

As for **COUNT 1**, the Clerk of Court shall prepare for Defendants **CLINTON** and **PIERMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the

Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A). Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with **COUNTS 2**, **3**, **4**, or **5**, he shall file one or more separate complaints, each of which shall be confined to one group of injuries and Defendants. Each complaint shall identify the individual Defendant or Defendants responsible for each of his discrete claims and explain how those individuals were involved in the alleged unconstitutional actions. In drafting any complaint, Plaintiff should follow the instructions on the Court's civil rights complaint form, which directs a party to state "when, where, how, and by whom" his rights were violated. Each complaint must stand on its own, without reference to any other pleading in this case or elsewhere. Should any proposed complaint not conform to these requirements, it shall be stricken. Plaintiff will be responsible for the payment of separate filing fees in all four cases.

In order to assist Plaintiff in preparing any proposed complaints, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that, for the reasons stated above, Plaintiff's motion for attorney representation (Doc. 3) is **DENIED** without prejudice.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 22, 2015**

**NANCY J. ROSENSTENGEL**
**United States District Judge**