IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HEMANT PATEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:15-cv-1081-NJR-DGW |
| COLLIN CLINTON and JEREMY ) | |
| PIERMAN, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on whether this matter should be dismissed for Plaintiff's failure to prosecute. For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

Plaintiff filed his complaint in this matter on September 30, 2015 pursuant to 42 U.S.C. § 1983 alleging Defendants used excessive force against him while he was incarcerated at Chester Mental Health Center ("Chester"). Since Plaintiff filed his complaint, the Court has attempted to send Plaintiff six documents, all of which have been returned as undeliverable (*see* Docs. 7, 12, 13, and 14). Indeed, Plaintiff has not received any documents from the Court, including the order screening his complaint. The Court notes that the returned mail indicates that the documents were "undeliverable as addressed" and/or "unable to forward" (*see id.*). The Court has also attempted

to ascertain Plaintiff's location by way of a search on the Illinois Department of Corrections' website, but to no avail[1].

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of an action for failure to prosecute or to comply with court orders. Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. Of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted)). Though dismissal is left up to the discretion of District Courts, said Courts are strongly encouraged to provide an explicit warning before a case is dismissed; especially where the litigant is *pro se*. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006); *see also In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

Based on a review of the record and upon consideration of the applicable law, it is recommended that this action should be dismissed for failure to prosecute. While Plaintiff has not exhibited disregard for court orders, as all orders and other documents have been returned since this matter was filed, he has not acted with diligence in apprising the court of any changes in residence, as necessary to continue litigating this action. As Plaintiff has failed to keep this court informed as to his contact information, indicating a lack of interest in prosecuting this action, dismissal appears to be the appropriate course of action to take. While the Court acknowledges that Plaintiff has not yet received a formal warning regarding possible dismissal, the Court finds that such warning is not necessary for two reasons. First, Plaintiff is able to object to this report

---

[1] This Court may take judicial notice of the accuracy of the IDOC's inmate search function. *See* FED. R. EVID. 201. *See also Denius v. Dunlap*, 330 F.3d 919 (7th Cir. 2003).

and recommendation and attempt to rectify the situation.  Second, it appears that such warning would be an exercise in futility and waste of Court resources as Plaintiff is clearly no longer housed at Chester and has not left an adequate forwarding address.

### RECOMMENDATIONS

It is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** for want of prosecution.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 7, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**